UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32 BJ PENSION FUND,
BUILDING SERVICE 32 BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP and SAFETY FUND,
BUILDING SERVICE 32 BJ LEGAL FUND AND                COMPLAINT
BUILDING SERVICE 32 BJ SUPPLEMENTAL
RETIREMENT AND SAVINGS FUND,

                                              Plaintiffs,
    -against-

ACROPOLIS GARDENS REALTY CORP.,

                                           Defendants.
------------------------------------------------------------------------X

        Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Pension Fund ("Pension Fund"), Building Service 32BJThomas Shortman Training, Scholarship and Safety Fund ("Scholarship Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund") and Building Service 32BJ Supplemental Retirement and Savings Fund ("SRSP Fund"), collectively referred to herein as the "Funds", by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Acropolis Gardens Realty Corp. ("Defendant"), respectfully allege as follows:

### NATURE OF ACTION

        1.    This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by five employee benefit funds for injunctive and other contractual and equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required

monetary contributions. This Complaint alleges that by failing, refusing or neglecting to pay to the Funds monetary sums, when due, Defendant violated its collective bargaining agreements, the respective trust agreements of the Funds and ERISA. The Complaint will further establish the Funds' entitlement to preliminary and permanent injunctive relief.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) and 515 of ERISA (29 U.S.C. § 1132(e)(1) and (f) and § 1145;

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)). Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. §1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as

independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions and monies withheld from employee wages, from employers, who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to provide benefits, including health insurance, pensions, annuities, training, scholarships and pre-paid legal services benefits, to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

6. A. Upon information and belief, at all times material hereto Defendant was, and continues to be, a New York domestic business corporation owning and operating a commercial business, i.e. residential cooperative apartments, having a principal place of business at 21-77 33rd Street, Astoria, County of Queens, City and State of New York, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a series of collective bargaining agreements (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to contribute to the Funds, and Defendant continues to be obligated to contribute to the Funds, for and on behalf of Defendant's employees, who are employed within the unit set forth in the Agreement with Union.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(FUND'S CLAIM FOR BREACH OF CONTRACT
OBLIGATIONS BY DEFENDANT)

7. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8. Pursuant to the Agreement, there has become due and owing to the Funds from Defendant the amount of approximately $48,827.29 in unpaid benefit contributions for the reporting period beginning December 1, 2016, January 1, 2017 and February 1, 2017.

9. To date, none of the contributions contractually due to the Funds has been paid by the Defendant, although all contributions have been duly demanded and the Funds have been damaged in the amount of **$48,827.29.**

10. The failure, refusal or neglect of Defendant to make the required contributions to plaintiffs' Funds constitutes a violation of the Agreement between Defendant and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

11. Accordingly, Defendant is liable to the Funds for benefit contributions in the amount due for the period set forth above, plus such other or further amounts as may be found due and owing pursuant to an audit of Defendant's books and records for the same period, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant.

### AS AND FOR A SECOND CLAIM FOR RELIEF
(Funds' CLAIM FOR BREACH OF ERISA
OBLIGATIONS BY DEFENDANT)

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

14. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Funds when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

15. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and Defendant is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA
### OBLIGATIONS BY DEFENDANT)

17. The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18. At all times material herein, the Agreement between Defendant and the Union allowed employee contributions to the SRSP Fund to be deducted from the wages earned by the

employees.

19. Upon information and belief, at all times material herein Defendant caused to be deducted various sums from the wages earned by the employees covered by the Union Agreement and thereafter did not forward those sums to the SRSP Fund.

20. At the point in time when the sums were deducted from the wages of the employees, the deducted sums became "assets" of the SRSP Fund.

21. Upon information and belief, at all times material herein Defendant controlled the afore described assets of the SRSP Fund.

22. At all times material herein, Defendant failed to forward the afore described assets of the SRSP Fund to theSRSP Fund.

23. As a result of Defendant's exercise of control and authority over the disposition of the sums deducted from employee wages, Defendant became, and it continues to be, a fiduciary of the Fund within the meaning of 29 U.S.C. § 1002(21)(A)(i)(iii).

24. As a result of the conduct described above, Defendant breached its duty as a fiduciary and is therefore liable to the SRSP Fund for the sums deducted and withheld, but not forwarded, and all ERISA authorized damages, including but not limited to, liquidated damages, interest, costs and attorneys fees.

**AS AND FOR A FOURTH CLAIM FOR RELIEF
( FUNDS' CLAIM FOR INJUNCTIVE RELIEF
PURSUANT TO ERISA AGAINST DEFENDANT**)

25. The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. Prior to the Funds commencing the instant action, the Funds had obtained an

arbitration award against Defendant for delinquencies to the Funds for the period through May 2014. Defendant had failed and refused to comply with the directives of the arbitration award, which directed, inter alia, that Defendant pay the Funds such sums as required under the collective bargaining agreement.

27.     Prior to the above noted arbitration, the Funds, on at least three prior occasions brought arbitration proceedings to collect delinquent contributions, with all three arbitrations resulting in judgments in favor of the Funds. The Court is asked to take notice of the proceedings in these actions, captioned as: <u>Michael Fishman as Trustee v. Acropolis Gardens Realty Corp.</u>, New York State Supreme Court, County of New York, Index Nos. 12937/2010 and 102762/2011and <u>Hector Figueroa, as Trustee v. Acropolis Gardens Realty, Corp.</u>, New York State Supreme Court, County of Queens, Index No. 12/2014. Most recently, the SRSP had to initiate an action in this Court to secure payment of monies withheld annuity contributions (401K) from the wages of the bargaining unit employees. (See SDNY Docket No. 14-CV-5023.) Notwithstanding the fact that Defendant has been found liable to the Funds, it now continues to not pay its obligations to the Funds on a timely basis and it simply refuses to turn over the monies withheld from employee wages.

28.     Pursuant to the terms and conditions of the Agreement and the rules of the Funds, Defendant is required, upon withholding of contributions from the wages of its employees, to forthwith forward said withheld sums to the Fund within seven days of the withholding for so long as Defendant remains obligated to do so pursuant to the Agreement and ERISA.

29.     Pursuant to the Collective Bargaining Agreement and ERISA, Defendant is bound to the terms of the respective Trust Agreements governing the respective Funds. Pursuant to the authority vested in the Trustees by these Trust Agreements, the Funds have promulgated Rules

and Procedures for the collection of delinquent contributions. The Rules provide, in pertinent part:

> "In any case in which the Funds or their counsel obtain information from which it appears that the funds' ability to collect amounts owed by an employer may be diminished by following the schedule or steps prescribed in the normal collection procedure, any or all of the steps set forth in this procedure may be accelerated or omitted, in order to initiate formal collection actions as quickly as possible, including (if appropriate in the judgment of counsel) an application for preliminary relief pending final resolution of a collection proceeding. ..."

30. Upon information and belief, Defendant following the withholding of said sums from the wages of its employees, has failed to timely pay and/or submit benefit contributions to the Funds for the months of December 2016, January and February, 2017 and is currently in breach of its obligations under the Agreement and ERISA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to refuse to make timely monthly contributions to all Funds and forward the withheld wages to the SRSP Fund and therefore, Defendant continues to be in breach the terms of the Agreement and in violation of ERISA.

31. In this regard, Defendant. had failed to make any monthly payments to the Funds since December 2016 and as noted above, Defendant also has an historical failure and refusal to make timely contributions to the Funds, which conduct has resulted in three prior judgments and one additional arbitration award.

32. The Funds have no adequate remedy at law to insure that Defendant will adhere to the terms of the Agreement and ERISA to forward withheld sums from the wages of its employees within seven days of the withholding or to pay the monthly contributions on a timely basis.

33. As a result of Defendant's omissions and breaches of contract and violations of ERISA, the Funds will be required to deny employee beneficiaries, for whom contributions have

not been made, the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage.

34. The Funds will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required withheld monetary contributions to the Funds for as long as Defendant remains obligated to do so pursuant to the Agreement and ERISA.

35. Accordingly, the Funds requests this Court issue an injunction preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds in accordance with the Funds rules and regulations, or to forward sums deducted from the wages of its employees to the SRSP Fund within seven days of the withholding.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant, for payment of all past due withheld contributions to date.

b. against Defendant for payment of all withheld contributions which become due during the pendency of this action;

c. against Defendant for payment of all past due monthly contributions to date, in an amount of no less than $48,967.29;

d. against Defendant for payment of all future monthly and weekly contributions which become due during the pendency of this action;

e. against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) and in accordance with the collective bargaining agreement;

f. against Defendant for statutory damages on all contributions now due and which

accrue during the pendency of this action, including, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2) and in accordance with the collective bargaining agreement.;

  g. for an Order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required contributions and withheld monetary contributions;

  h. against Defendant directing payment on all withheld monies from employee wages now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2) and in accordance with the collective bargaining agreement;

  i. for such other and further relief as the Court deems just and proper.

Dated: New York, New York
    March 30, 2017

             RAAB, STURM & GANCHROW, LLP

         By: _____
            Ira A. Sturm (IS-2042)
            *Attorneys for Plaintiffs Funds*
            2125 Center Avenue, Suite 100
            Fort Lee, New Jersey 07024
            201-292-0150
            Fax: 201-292-0152
            isturm@rsgllp.com